# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,<br><br>                Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered) |
| FTX TRADING LTD., ALAMEDA RESEARCH LLC, ALAMEDA RESEARCH LTD., NORTH DIMENSION INC., WEST REALM SHIRES, INC., and WEST REALM SHIRES SERVICES, INC.,<br><br>                Plaintiffs,<br><br>                v.<br><br>RYAN SALAME,<br><br>                Defendant. | Adv. Proc. No. 24-50186 (JTD) |

## MONTGOMERY, MCCRACKEN, WALKER AND RHOADS LLP'S
## MOTION TO STAY ADVERSARY PROCEEDING

Montgomery McCracken Walker and Rhoads LLP ("MMWR") hereby moves pursuant to 11 U.S.C. § 105 for an Order staying this adversary proceeding until such time as Defendant Ryan Salame is able to retain new counsel. In support of this Motion, MMWR states as follows:

## JURISDICTION

1.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.  MMWR brings the instant Motion pursuant to section 105 of Title 11 of the United States Code ("Bankruptcy Code").

**BACKGROUND**

3. On November 4, 2024, the above-captioned plaintiffs ("Plaintiffs") filed the *Complaint for Avoidance and Recovery of Transfers and Obligations Pursuant to 11 U.S.C. §§ 105, 544, 547, 548, and 550, and Del. Code Ann. Tit. 6, §§ 1304 and 1305, for Aiding and Abetting Breaches of Fiduciary Duties, for Knowing Assistance in Breaches of Fiduciary Duties, for Disallowance of Claims Pursuant to 11 U.S. C. § 502, and for Equitable Subordination of Claims Pursuant to 11 U.S.C. § 510(c)(1)* [Adv. Docket No. 1] ("Complaint").

4. On November 4, 2024, Plaintiffs filed *Debtors' Motion for Preliminary Injunction and Expedited Discovery* [Adv. Docket No. 2] ("PI Motion").

5. On December 11, 2024, the Court entered an Order Approving Stipulation for an Extension of Time for Defendant to Respond to Complaint [Adv. Docket No. 16] ("Stipulation"). The Stipulation provides that defendant's deadline to respond to the Complaint shall be extended through and including January 31, 2025.

6. On December 16, 2024, following this Court's December 12, 2024, status conference, Defendant's counsel (MMWR) informed Plaintiffs that Mr. Salame would consent to the entry of a Temporary Restraining Order ("TRO"). The Court entered the TRO on December 17, 2024 [Adv. Docket No. 26 at 2].

7. Also on December 17, 2024, the Court entered the Order Approving Revised Briefing Schedule for Debtor's Motion for Preliminary Injunction and Expedited Discovery [Adv. Docket No. 25] ("Revised Briefing Schedule"). The Revised Briefing Schedule provides for a response to the PI Motion on or before January 31, 2025.

8. On January 24, 2025, Defendant's counsel (MMWR) filed its Motion to Withdraw as Counsel for Defendant Ryan Salame ("Motion to Withdraw") in light of, among

other things, Mr. Salame's inability to pay MMWR's fees and MMWR's inability to effectively communicate with Mr. Salame.

## RELIEF REQUESTED

9.   MMWR respectfully requests that the Court stay this Adversary Proceeding against Mr. Salame until such time as Mr. Salame is able to retain new counsel or, in the alternative, grant Mr. Salame an extension of time to respond to Plaintiffs' Complaint and the PI Motion until such time.

## BASIS FOR RELIEF

10.   "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In bankruptcy proceedings, "this inherent authority is recognized in Bankruptcy Code Section 105(a), which permits the court to 'issue any order, process, or judgment that it is necessary or appropriate to carry out the provisions of' the Bankruptcy Code.*" In re South Side House, LLC*, 470 B.R. 659 (Bankr. E.D.N.Y. 2012) (quoting 11 U.S.C. § 105(a)).

11.   Such orders, processes, or judgments include an order staying the adversary action itself. *See Levey v. Systems Div., Inc. (In re Teknek, LLC)*, 563 F.3d 639, 648 (7th Cir. 2009) (recognizing a bankruptcy court's power to grant or deny a motion to stay an adversary proceeding). *See also Alameda Research Ltd., et al. v. Michael Kives, et al.* - Adv. Pro. No. 23-50411 (JTD) (denying party's motion to stay adversary proceeding where there was "no undue risk of prejudice to any party by allowing the litigation to proceed.").

12. Here, were this litigation to proceed as scheduled, Mr. Salame would not have enough time to retain new counsel and would thus be prejudiced in his ability to respond to Plaintiffs' Complaint and PI Motion.

13. Plaintiffs, on the other hand, face no risk of prejudice were this action to be stayed because Mr. Salame is incarcerated and has already consented to a TRO freezing his assets, and indeed that TRO has been entered by the Court. As such, Mr. Salame is unable to cause any damage to Plaintiffs in the form of "dissipation of assets" so long as the TRO remains in force.

14. While the stay requested would cause no harm or prejudice to Plaintiff, it would cause grave harm and prejudice to Mr. Salame, for the reasons described in MMWR's Motion to Withdraw.

15. Accordingly, there is good cause for the Court to enter an order staying this adversary proceeding until such time as Mr. Salame is able to retain new counsel.

16. In the alternative, Local Rule 7012-2 provides that "[t]he deadline to plead or move in response to a complaint or other pleading in an adversary proceeding may be extended for a period of up to twenty-eight (28) days by stipulation of the parties docketed with the Court *or, for a longer period of time, by order of the Court*" (emphasis added).

17. Thus, at a minimum, the Court should enter an order extending the time by which Mr. Salame must respond to Plaintiffs' Complaint and PI Motion to allow him an opportunity to retain new counsel.

WHEREFORE, MMWR respectfully requests entry of an order staying this adversary proceeding or, in the alternative, extending the time by which Mr. Salame must respond to Plaintiffs' Complaint and PI Motion, and for such other and further relief as the Court deems just and proper.

|  |  |
|---|---|
| Dated: January 24, 2025<br>Wilmington, Delaware | **MONTGOMERY McCRACKEN WALKER & RHOADS LLP**<br><br>*/s/ Marc J. Phillips* .<br>Gregory T. Donilon (No. 4244)<br>Marc J. Phillips (No. 4445)<br>1105 North Market Street, 15th Floor<br>Wilmington, Delaware 19801<br>Telephone: (302) 504-7800<br>gdonilon@mmwr.com<br>mphillips@mmwr.com<br><br>-and-<br><br>Jeremy D. Mishkin (admitted *pro hac vice*)<br>Terri A. Pawelski (admitted *pro hac vice*)<br>A. Spencer Osborne (admitted *pro hac vice*)<br>1735 Market St., 21st Floor<br>Philadelphia, Pennsylvania 19103<br>Telephone: (215) 772-7246<br>jmishkin@mmwr.com<br>tpawelski@mmwr.com<br>sosborne@mmwr.com<br><br>*Attorneys for Defendant* |