**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*, | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| FTX TRADING LTD., ALAMEDA RESEARCH LLC, ALAMEDA RESEARCH LTD., NORTH DIMENSION INC., WEST REALM SHIRES, INC., WEST REALM SHIRES SERVICES, INC., | |
| Plaintiffs, | Adv. Proc. No. 24-50186 (JTD) |
| v. | |
| RYAN SALAME, | |
| Defendant. | |

**DEFENDANT RYAN SALAME'S ANSWER**
**TO PLAINTIFFS' COMPLAINT WITH AFFIRMATIVE DEFENSES**

Defendant Ryan Salame ("Mr. Salame" or "Defendant"), by and through his undersigned counsel,[1] answers Plaintiffs' Complaint and asserts Affirmative Defenses as follows. Each allegation not specifically admitted herein is denied. To the extent any headings or unnumbered paragraphs in the Complaint contain any allegations, those allegations are denied. Mr. Salame reserves the right to amend this answer as this case proceeds and after he obtains new counsel.

---

[1] This pleading is being filed by said counsel to protect the interest of Mr. Salame. For the reasons set out in Montgomery McCracken Walker and Rhoads LLP's ("MMWR") Motion to Withdraw as Counsel for Defendant Ryan Salame [Adv. Docket No. 48], which is pending, MMWR is not in a position to do more on Defendant's behalf. These reasons include the administrative restrictions on communicating confidentially with Defendant that have been imposed by the Bureau of Prisons, and the fact that MMWR has been forbidden from communicating with Defendant's wife and attorney-in-fact by her counsel.

## NATURE OF THE CASE

1.      Denied. It is admitted that Plaintiffs purport to bring this action pursuant to the code provisions identified in paragraph 1. Any remaining allegations of paragraph 1 are denied.

2.      The allegations of paragraph 2 consist of legal conclusions to which no response is required. To the extent a response is required, the allegations of paragraph 2 are deemed to be denied.

3.      Denied.

4.      Denied.

5.      Denied.

6.      Denied.

7.      Denied.

8.      It is admitted that Plaintiffs seek the relief identified in paragraph 8. The remaining allegations of paragraph 8 are denied.

9.      Denied.

## THE PARTIES

10.      Defendant lacks knowledge or information at this time sufficient to form a belief about the truth of the various allegations of paragraph 10, which allegations are as such deemed to be denied.

11.      Defendant lacks knowledge or information at this time sufficient to form a belief about the truth of the various allegations of paragraph 11, which allegations are as such deemed to be denied.

12.     Defendant lacks knowledge or information at this time sufficient to form a belief about the truth of the various allegations of paragraph 12, which allegations are as such deemed to be denied.

13.     Defendant lacks knowledge or information at this time sufficient to form a belief about the truth of the various allegations of paragraph 13, which allegations are as such deemed to be denied.

14.     Defendant lacks knowledge or information at this time sufficient to form a belief about the truth of the various allegations of paragraph 14, which allegations are as such deemed to be denied.

15.     Defendant lacks knowledge or information at this time sufficient to form a belief about the truth of the various allegations of paragraph 15, which allegations are as such deemed to be denied.

16.     Denied.

17.     Defendant lacks knowledge or information at this time sufficient to form a belief about the truth of the various allegations of paragraph 17, which allegations are as such deemed to be denied.

18.     Defendant lacks knowledge or information at this time sufficient to form a belief about the truth of the various allegations of paragraph 18, which allegations are as such deemed to be denied.

19.     Defendant lacks knowledge or information at this time sufficient to form a belief about the truth of the various allegations of paragraph 19, which allegations are as such deemed to be denied.

20.      Defendant lacks knowledge or information at this time sufficient to form a belief about the truth of the various allegations of paragraph 20, which allegations are as such deemed to be denied.

21.      The first sentence of paragraph 21 is admitted. Defendant lacks knowledge or information at this time sufficient to form a belief about the truth of the various other allegations of paragraph 21, which allegations are as such deemed to be denied.

22.      Admitted that Gabriel Bankman-Fried is Sam Bankman-Fried's brother. Defendant lacks knowledge or information at this time sufficient to form a belief about the truth of the various other allegations of paragraph 22, which allegations are as such deemed to be denied.

## JURISDICTION AND VENUE

23.      Admitted that Plaintiffs so contend.

24.      The allegations of paragraph 24 consist of legal conclusions to which no response is required. To the extent a response is required, the allegations of paragraph 24 are deemed to be denied.

25.      The allegations of paragraph 25 consist of legal conclusions to which no response is required. To the extent a response is required, the allegations of paragraph 25 are deemed to be denied.

26.      The allegations of paragraph 26 consist of legal conclusions to which no response is required. To the extent a response is required, the allegations of paragraph 26 are deemed to be denied.

27.     The allegations of paragraph 27 consist of legal conclusions to which no response is required. To the extent a response is required, the allegations of paragraph 27 are deemed to be denied.

28.     The allegations of paragraph 28 consist of legal conclusions to which no response is required. To the extent a response is required, the allegations of paragraph 28 are deemed to be denied.

29.     Admitted that Plaintiffs consent. Defendant does not consent to the entry of final orders and judgments by the Court on these claims.

## FACTUAL ALLEGATIONS

30.     Denied.

31.     Denied.

32.     Denied.

33.     Denied.

34.     The allegations of paragraph 34 refer to matters of public record which however are inaccurately characterized by Plaintiffs and as such are denied.

35.     The allegations of the first two sentences of paragraph 35 refer to matters of public record which however are inaccurately characterized by Plaintiffs and as such are denied. The remainder of paragraph 35 is denied.

36.     Denied.

37.     Denied.

38.     Denied.

39.     Denied.

40.     Denied.

41.     Denied.

42.     Denied.

43.     Denied.

44.     Defendant lacks knowledge or information at this time sufficient to form a belief about the truth of the various allegations of paragraph 44, which allegations are as such deemed to be denied.

45.     Denied.

46.     Denied.

47.     Denied.

48.     Denied

49.     Denied.

50.     Denied.

51.     Denied.

52.     Denied.

53.     Denied.

54.     Denied.

55.     Denied.

56.     Denied.

57.     Denied.

58.     Denied.

59.     Denied.

60.     Denied.

61.     Denied.

62.     Denied.

63.     Denied.

64.     Denied.

65.     Denied.

66.     Denied.

67.     Denied.

68.     Denied.

69.     Denied.

70.     Denied.

71.     Denied.

72.     Denied.

73.     Denied.

74.     Denied.

75.     Denied.

76.     The allegations of paragraph 76 consist of legal conclusions to which no response is required. To the extent a response is required, the allegations of paragraph 76 are deemed to be denied.

77.     Denied.

78.     Denied.

79.     Defendant lacks knowledge or information at this time sufficient to form a belief about the truth of the various allegations of paragraph 79, which allegations are as such deemed to be denied.

80.     Denied.

81.     Denied.

82.     Denied.

83.     Denied.

84.     Denied.

85.     Denied.

86.     Denied.

87.     Denied.

88.     Denied.

89.     Denied.

90.     Denied.

91.     Denied.

92.     Denied.

93.     Denied.

94.     Denied.

95.     Denied.

96.     Denied.

97.     Denied.

98.     Denied.

99.     The allegations of paragraph 98 refer to matters of public record which however are inaccurately characterized by Plaintiffs and as such are denied.

100.     Denied.

101.     Denied.

102.     Denied.

103.    Denied.

104.    Denied.

105.    Denied.

106.    Denied.

107.    Denied.

108.    Denied.

109.    Denied.

110.    The allegations of paragraph 110 refer to matters of public record which however are inaccurately characterized by Plaintiffs and as such are denied.

111.    Denied.

112.    Denied.

113.    Denied.

114.    Denied.

115.    Denied.

116.    Denied.

117.    Denied.

118.    Denied.

119.    Denied.

120.    Denied.

121.    Denied.

122.    Denied.

123.    Denied.

124.    Denied.

125.    Denied.

126.    Denied.

127.    Denied.

128.    Denied.

129.    Denied.

130.    Defendant lacks knowledge or information at this time sufficient to form a belief about the truth of the allegations in paragraph 130 regarding On Ten or what documentation Plaintiffs have or have not identified, which allegations are as such deemed to be denied. The remaining allegations of paragraph 130 are denied.

131.    Denied.

132.    Denied.

133.    The allegations of paragraph 133 refer to matters of public record which however are inaccurately characterized by Plaintiffs and as such are denied.

134.    Denied.

135.    Denied.

136.    Denied.

137.    Denied.

138.    The allegations of paragraph 138 refer to matters of public record which however are inaccurately characterized by Plaintiffs and as such are denied.

139.    The allegations of paragraph 139 refer to matters of public record which however are inaccurately characterized by Plaintiffs and as such are denied.

140.    The allegations of paragraph 140 including all subparts are denied.

**CAUSES OF ACTION**

**COUNT ONE**
**FRAUDULENT TRANSFERS AND OBLIGATIONS**
**PURSUANT TO 11 U.S.C. § 548(A)(1)(A) [sic]**

141.    Defendant incorporates his answers to the preceding paragraphs as if fully set forth in this paragraph.

142.    Denied.

143.    Denied.

144.    Denied.

**COUNT TWO**
**FRAUDULENT TRANSFERS AND OBLIGATIONS**
**PURSUANT TO 11. U.S.C. § 548(a)(1)(B)**

145.    Defendant incorporates his answers to the preceding paragraphs as if fully set forth in this paragraph.

146.    Denied.

147.    Denied.

148.    Denied.

149.    Denied.

**COUNT THREE**
**FRAUDULENT TRANSFERS AND OBLIGATIONS PURSUANT TO**
**DEL. CODE ANN. TIT. 6, §1304(a)(1) AND U.S.C. 11 § 544(b)**

150.    Defendant incorporates his answers to the preceding paragraphs as if fully set forth in this paragraph.

151.    The allegations of paragraph 151 consist of legal conclusions to which no response is required. To the extent a response is required, the allegations of paragraph 151 are deemed to be denied.

152.  Denied.

153.  Denied.

154.  Denied.

**COUNT FOUR**
**FRAUDULENT TRANSFERS AND OBLIGATIONS PURSUANT TO**
**DEL. CODE ANN. TIT. 6, §§ 1304(a)(2), 1305 AND U.S.C. § 544(b)**

155.  Defendant incorporates his answers to the preceding paragraphs as if fully set forth in this paragraph.

156.  The allegations of paragraph 156 consist of legal conclusions to which no response is required. To the extent a response is required, the allegations of paragraph 156 are deemed to be denied.

157.  Denied.

158.  Denied.

159.  Denied.

160.  Denied.

161.  Denied.

**COUNT FIVE**
**PREFERENTIAL TRANSFER PURSUANT TO 11 U.S.C. § 547(b)**

162.  Defendant incorporates his answers to the preceding paragraphs as if fully set forth in this paragraph.

163.  Denied.

164.  Denied.

165.  Denied.

166.  Denied.

167.    Denied.

168.    Denied.

169.    Denied.

170.    Denied.

171.    Defendant lacks knowledge or information at this time sufficient to form a belief about the truth of the allegations of paragraph 171, which allegations are as such deemed to be denied.

172.    Denied.

## COUNT SIX
## PROPERTY RECOVERY PURSUANT TO 11 U.S.C. § 550(a)(1)

173.     Defendant incorporates his answers to the preceding paragraphs as if fully set forth in this paragraph.

174.    Denied.

175.    Denied.

## COUNT SEVEN
## AIDING AND ABETTING BREACH OF FIDUCIARY DUTIES UNDER DELAWARE LAW

176.    Defendant incorporates his answers to the preceding paragraphs as if fully set forth in this paragraph.

177.    Denied.

178.    The allegations of paragraph 178 including all subparts are denied.

179.    Denied.

## COUNT EIGHT
## AIDING AND ABETTING BREACH OF FIDUCIARY DUTIES UNDER ANTIGUA AND BARBUDA LAW

180.    Defendant incorporates his answers to the preceding paragraphs as if fully set forth in this paragraph.

181.    Denied.

182.    The allegations of paragraph 182 including all subparts are denied.

183.    Denied.

## COUNT NINE
## KNOWING ASSISTANCE IN BREACH OF FIDUCIARY DUTIES UNDER BRITISH VIRGIN ISLANDS LAW

184.    Defendant incorporates his answers to the preceding paragraphs as if fully set forth in this paragraph.

185.    Denied.

186.    The allegations of paragraph 186 including all subparts are denied.

187.    Denied.

## COUNT TEN
## DISALLOWANCE OF CLAIMS PURSUANT TO 11 U.S.C. § 502(d)

188.    Defendant incorporates his answers to the preceding paragraphs as if fully set forth in this paragraph.

189.    Denied.

## COUNT ELEVEN
## EQUITABLE SUBORDINATION OF CLAIMS PURSUANT TO 11 U.S.C. § 510(c)(1)

190.    Defendant incorporates his answers to the preceding paragraphs as if fully set forth in this paragraph.

191.    Denied.

192.    Denied.

## AFFIRMATIVE DEFENSES

For his affirmative defenses to Plaintiffs' Complaint, Defendant alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable by Bankruptcy Rule 7012(b).

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to mitigate and/or, through their own conduct, caused damages, if any, allegedly suffered as a result of the alleged conduct.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, laches, unclean hands, and/or estoppel.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have failed to join indispensable parties to this action.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because any alleged losses attributed in the Complaint to Defendant's conduct had intervening/superseding causes.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to plead with adequate specificity.

## SEVENTH AFFIRMATIVE DEFENSE

The alleged fraudulent transfers ("Transfers") are not avoidable under 11 U.S.C. § 548 because the Transfers were taken for value and in good faith.

## EIGHTH AFFIRMATIVE DEFENSE

The Transfers are not avoidable under 11 U.S.C. § 548 because Defendant gave fair consideration to the Debtors in exchange for the Transfers.

## NINTH AFFIRMATIVE DEFENSE

The Transfers are not avoidable under 11 U.S.C. § 548 because the Debtors received reasonably equivalent value on account of the Transfers.

## TENTH AFFIRMATIVE DEFENSE

The Transfers are not avoidable under 11 U.S.C. § 548 because the Debtors were not insolvent and were not rendered insolvent by the Transfers.

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent one or more of the alleged Transfers were made, Plaintiffs' fraudulent transfer claims are barred by 11 U.S.C. §548(c) and 6 Del. Code §1308.

## TWELFTH AFFIRMATIVE DEFENSE

Since the Transfers are not avoidable pursuant 11 U.S.C. § 548, they are not recoverable pursuant 11 U.S.C. § 550.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs cannot establish all of the elements required to disallow Defendant's claims against the Debtors' estates under 11 U.S.C. § 502(d).

## FOURTEENTH AFFIRMATIVE DEFENSE

The relief sought in the Complaint should be denied to the extent that any of Plaintiffs' claims are barred, in whole or in part, by the doctrines of setoff or recoupment.

## FIFTEENTH AFFIRMATIVE DEFENSE

Some or all of the alleged transfers were not transfers of an interest of the Debtors' property and, therefore, cannot be avoided or recovered by Plaintiffs pursuant to the Bankruptcy Code.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendant's conduct at all relevant times conformed with all applicable statutes, regulations, and industry standards.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs for damages are barred or limited by Defendant's good faith efforts to comply with applicable law.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant has at all times acted in good faith and had reasonable grounds for believing that any alleged acts and omissions were not a violation of applicable statutes, regulations, or industry standards.

## NINETEENTH AFFIRMATIVE DEFENSE

All of Defendant's conduct and activities as purported to be alleged in the Complaint conformed to statutes, government regulations, and industry standards based upon the state of knowledge existing at the time.

## **TWENTIETH AFFIRMATIVE DEFENSE**

Defendant duly performed, satisfied, and discharged all duties and obligations he may have owed to Plaintiffs.

## **TWENTY-FIRST AFFIRMATIVE DEFENSE**

The claims arising out of the subject matter of the transactions and occurrences alleged were the result of the acts or omissions of a third party or third parties for whose conduct Defendant is not legally responsible and over whom Defendant had no authority or control.

## **TWENTY-SECOND AFFIRMATIVE DEFENSE**

The claims arising out of the subject matter of the transactions and occurrences alleged were the results of risks assumed by the Debtors.

## **ADDITIONAL DEFENSES**

Defendant reserves the right to amend this Answer to add, supplement, or modify defenses based on legal theories that come to light through further clarification of the Complaint, through discovery, or through further legal analysis of Plaintiffs' allegations, contentions, and positions in this litigation.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered Plaintiffs' Complaint, Mr. Salame prays for the

following relief:

A.  An order dismissing Plaintiffs' claims against him with prejudice.

B.  An award of all his attorneys' fees and costs to the extent permitted by law; and

C.  For such other and further relief as this Court deems just and equitable.

Dated: January 31, 2025
      Wilmington, Delaware            **MONTGOMERY McCRACKEN WALKER & RHOADS LLP**

                                     */s/ Marc J. Phillips*
                                     Gregory T. Donilon (No. 4244)
                                     Marc J. Phillips (No. 4445)
                                     1105 North Market Street, 15th Floor
                                     Wilmington, Delaware  19801
                                     Telephone: (302) 504-7800
                                     gdonilon@mmwr.com
                                     mphillips@mmwr.com

                                           -and-

                                     Jeremy D. Mishkin (admitted *pro hac vice*)
                                     Terri A. Pawelski (admitted *pro hac vice*)
                                     A. Spencer Osborne (admitted *pro hac vice*)
                                     1735 Market St., 21st Floor
                                     Philadelphia, Pennsylvania 19103
                                     Telephone: (215) 772-7246
                                     jmishkin@mmwr.com
                                     tpawelski@mmwr.com
                                     sosborne@mmwr.com

                                     *Attorneys for Ryan Salame*