**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

| | |
|---|---|
| FTX RECOVERY TRUST, | |
| Plaintiff, | |
| -against- | Adv. Pro. No. 24-50186 (JTD) |
| RYAN SALAME, | |
| Defendant. | |

**NOTICE OF INTENT TO SERVE SUBPOENA
ON NON-PARTY WELLS FARGO BANK, N.A.**

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Civil Procedure 45, made applicable to this proceeding by Rule 9016 of the Federal Rules of Bankruptcy Procedure, counsel for Plaintiff FTX Recovery Trust, in the above-captioned adversary proceeding, will cause the attached subpoena for document production to be served upon Wells Fargo Bank, N.A.

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

Dated: February 27, 2025
      Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Howard W. Robertson IV*
Adam G. Landis (No. 3407)
Richard S. Cobb (No. 3157)
Matthew B. McGuire (No. 4366)
Howard W. Robertson IV (No. 6903)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: landis@lrclaw.com
       cobb@lrclaw.com
       mcguire@lrclaw.com
       robertson@lrclaw.com

*Counsel for Plaintiff*

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

For the _____ District of _____ **Delaware**

In re **FTX Trading Ltd., et al.** _____
<br>Debtor

*(Complete if issued in an adversary proceeding)*

**FTX Recovery Trust** _____
<br>Plaintiff

v.

**Ryan Salame** _____
<br>Defendant

Michelle Bond     Intervenor

Case No. _____ **22-11068 (JTD)**

Chapter _____ **11**

Adv. Proc. No. _____ **24-50186 (JTD)**

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  Wells Fargo Bank, N.A. 101 North Phillips Ave, Sioux Falls, SD, 57104

*(Name of person to whom the subpoena is directed)*

■ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A

| PLACE     Landis Rath & Cobb LLP<br>919 N. Market St., Ste. 1800<br>Wilmington, DE 19801 | DATE AND TIME<br>March 13, 2025 |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: February 27, 2025

CLERK OF COURT

OR

_____
<br>Signature of Clerk or Deputy Clerk

*/s/ Howard W. Robertson IV*
<br>*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Plaintiff  FTX  Recovery  Trust,  who issues or requests this subpoena, are: Matthew B. McGuire and Howard W. Robertson IV Landis Rath & Cobb LLP, 919 N. Market Street, Ste. 1800, Wilmington, DE 19801, Tel. (302) 467-4400, Emails: mcguire@lrclaw.com; robertson@lrclaw.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because:  _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

  My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


        I declare under penalty of perjury that this information is true and correct.

Date:  _____


                                                  _____
                                                                    *Server's signature*


                                                  _____
                                                                    *Printed name and title*


                                                  _____
                                                                    *Server's address*


Additional information concerning attempted service, etc.:

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT A

## DEFINITIONS

For purposes of the Requests, the following terms shall apply:

1.      The term "**Bond**" shall refer to Michelle Bond (with a social security number ending in -9871) and all representatives, agents, advisors, and all other Persons or entities acting or purporting to act on her behalf.

2.      The term "**Action**" refers to the above-captioned adversary proceeding.

3.      The terms "**and**" and "**or**" in Definitions and Requests shall be construed conjunctively or disjunctively as necessary to bring within the scope of the Requests all Documents or information that might otherwise be construed as outside their scope.

4.      The term "**any**" means "each and every," "any and all," and "any one."

5.      The term "**concerning**" is to be understood in its broadest sense and means concerning, constituting, identifying, evidencing, summarizing, commenting upon, referring to, relating to, arising out of, describing, digesting, reporting, listing, analyzing, studying, discussing, stating, setting forth, reflecting, interpreting, concerning, recording, including, negating, manifesting, containing, or comprising the subject matter identified.

6.      The term "**Debtors**" means, collectively, FTX Trading Ltd., Alameda Research LLC, Alameda Research Ltd., North Dimension Inc., West Realm Shires, Inc., West Realm Shires Services, Inc., and their affiliated entities, as debtors-in-possession, as applicable, which filed voluntary Chapter 11 petitions under the Bankruptcy Code commencing these Chapter 11 cases.

7.    The term "**Document**" has the meaning prescribed by Rule 7034 of the Bankruptcy Rules, including, without limitation, any tangible thing upon which any expression, Communication or representation has been recorded by any means.

8.    The term "**including**" means "including, but not limited to" and "including, without limitation."  It shall not be construed to limit the scope of any definition or Request herein.

9.    The term "**Person**" includes both the singular and the plural, and means any natural Person, business entity, corporation, cooperative, bureau, public corporation, partnership, joint venture, firm, trust, estate, group, club, association, institute, society, office, organization, and any governmental entity or department, agency, bureau, or political subdivision thereof, or any other organization or entity.

10.    The term "**You**" or "**Your**" shall refer to Wells Fargo Bank, N.A. as well as any related entities, affiliates, agents, assigns, directors, employees, parents, partners, representatives, subsidiaries, or any other Persons acting or purporting to act on their behalf, or any predecessor or successor of the foregoing.

## **INSTRUCTIONS**

1.    Unless otherwise specified, the relevant time period for each Request is May 1, 2022 through the present (the "**Relevant Period**").

2.    All discovery in connection with these Requests shall be subject to and conducted in accordance with the terms of the Stipulation and Protective Order [D.I. 832] in Plaintiffs' Chapter 11 cases, a copy of which has been provided to You with this Subpoena.

3.    You are instructed to respond separately to each Request and to produce all Documents responsive to the Requests that are within Your possession, custody, or control.

4.      If You cannot fully respond to one or more of the Requests after exercising due diligence to secure the information requested thereby, so state, and specify (a) the portion of each Request that cannot be responded to fully and completely, (b) what efforts were made to obtain the requested information, (c) the facts relied upon that support Your contention that the Request(s) cannot be answered fully and completely, and (d) any knowledge, information or belief You have concerning the unanswered portion of any such Request(s).

5.      If there are no Documents responsive to any particular Request, Your response shall state so in writing.

6.      Unless instructed otherwise, each Request shall be construed independently and not by reference to any other Request for the purpose of limitation or exclusion.

7.      You must answer each Request separately and fully, unless it is objected to, in which event the objection(s) should be specifically stated.

8.      You shall produce all Documents in the manner in which they are maintained in the ordinary course.

9.      If You claim any ambiguity in interpreting either a Request or a definition or instruction, You should not use that claim as a basis for refusing to respond, but shall set forth as part of Your response the language deemed to be ambiguous.

10.      Each Request shall be deemed to be continuing in nature.  If at any time additional Documents or information come into Your possession, custody or control or are brought to Your attention, prompt supplementation of Your response to these Requests is required.

## DOCUMENT REQUESTS

1.     Any account opening Documents, account closing Documents and Documents evidencing the authorized signatories for any bank accounts owned by, controlled by, used by, or held in the name of Bond, or over which Bond has Power of Attorney, including but not limited to the account ending in -3508.

2.     All monthly account statements (or if monthly statements are not available, quarterly account statements) for any bank accounts owned by, controlled by, used by, or held in the name of Bond, or over which Bond has Power of Attorney, including but not limited to the account ending in -3508.

3.     All monthly credit cards statements for credit cards issued by You to Bond, or for which Bond is an authorized user.

4.     For any wire transfers sent from or received by any bank account owned by, controlled by, used by, or held in the name of Bond, or over which Bond has Power of Attorney, including the account ending in -3508, Documents sufficient to identify the recipient and sender of the wire transfer, the date of the wire, the amount of the wire, and the bank account information of the recipient and sender of the wire.

5.     For any wire transfers made to pay amounts owed on any credit card issued by You to Bond for which he was an authorized user, Documents sufficient to identify sender of the wire transfer, the date of the wire transfer, the amount of the wire, the recipient of the wire, the account number of the credit card, and the account information for the bank account from which the wire was paid.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. No. 825** |

## ORDER APPROVING CONFIDENTIALITY AGREEMENT
## AND STIPULATED PROTECTIVE ORDER

Upon the Certification of Counsel Confidentiality Agreement and Stipulated Protective Order (the "Stipulation and Protective Order"), a copy of which is attached hereto as **Exhibit A**, entered into by and among (a) FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively the "Debtors"); (b) the Official Committee of Unsecured Creditors appointed in the Debtors' cases (the "Committee"); (c) certain of the Debtors' creditors and other constituents as specified in the signature pages of this Order; and (d) any other persons or entities who become bound by this Order by signifying their assent through execution the Declaration[2]; and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of these Chapter 11 Cases in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that sufficient notice of the Stipulation and Protective Order has been given; and after due deliberation; and good and sufficient cause appearing therefor;

---

[1]  The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2]  Terms utilized but not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Protective Order.

IT IS HEREBY ORDERED THAT:

1.      The Stipulation and Protective Order is hereby APPROVED.

2.      The Debtors and the Parties are authorized to enter into the Stipulation and Protective Order, substantially in the form attached hereto as **Exhibit A**.

3.      The failure to specifically include or reference any particular term or provision of the Stipulation and Protective Order in this Order shall not diminish or impair the effectiveness of such term or provision.

4.      The rights of all Parties and non-Parties to the Stipulation and Protective Order to move to amend this Order or the Stipulation and Protective Order are fully reserved.

5.      The Debtors are authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

6.      The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order and the Stipulation and Protective Order.

Dated: March 8th, 2023
Wilmington, Delaware

JOHN T. DORSEY
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT A

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>    Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered) |

## <u>CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER</u>

This Confidentiality Agreement and Stipulated Protective Order (the "<u>Order</u>") is entered into by and among (a) FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively the "<u>Debtors</u>"); (b) the Official Committee of Unsecured Creditors appointed in the Debtors' cases (the "<u>Committee</u>"); (c) certain of the Debtors' creditors and other constituents as specified in the signature pages of this Order; and (d) any other persons or entities who become bound by this Order by signifying their assent through execution of Schedule A hereto (a "<u>Declaration</u>").   Each of the persons or entities identified in the foregoing clauses (a) through (d) shall be referred to herein individually as a "Party" and, collectively, as the "Parties."

## <u>Recitals</u>

WHEREAS, on November 11 and November 14, 2022, the Debtors filed with the Court voluntary petitions for relief under the Bankruptcy Code, and joint administration of the Debtors' cases (the "<u>Chapter 11 Cases</u>") was authorized by the Court by entry of an order on November 22, 2022 [D.I. 128];

---

[1]    The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.   A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

WHEREAS, on December 15, 2022, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the Committee pursuant to section 1102 of the Bankruptcy Code [D.I. 231];

WHEREAS, there are, or may be, judicial or other proceedings, including but not limited to examinations, information and document requests and subpoenas pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure ("Rule 2004 Discovery"), contested motions, adversary proceedings and other disputes relating to the Debtors, including litigation against third parties (each a "Dispute" and, collectively, the "Disputes"), arising out of or relating to the Debtors' filing of voluntary petitions under chapter 11 of title 11 of the United States Code, U.S.C. §§ 101–1532 (the "Bankruptcy Code") in this Court;

WHEREAS, the Parties have sought or may seek certain Discovery Material (as defined below) from one another with respect to one or more Disputes, including through informal requests, Rule 2004 Discovery, motions, document requests, interrogatories, depositions, and other discovery requests (collectively, "Discovery Requests") as provided by the Federal Rules of Civil Procedure (the "Federal Rules"), the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules");

WHEREAS, the Parties anticipate that there are certain persons or entities other than the Parties hereto[2] that may also propound or be served with Discovery Requests, including

---

[2]    Reference herein to "non-Parties" or a "non-Party," or a "non-Party" becoming a "Party," is for purposes of reference in this Order only.  All such references herein are not intended to reflect any agreement as to whether any "Party" is or will become a "Party," or as to whether any "non-Party" is not or will not be a "Party," in any case or other proceeding, and are not otherwise intended to reflect any agreement as to the "Party" or "non-Party" status of any litigant.

Rule 2004 Discovery, in connection with one or more Disputes, during the course of the Chapter 11 Cases; and

WHEREAS, the Parties have agreed that Discovery Materials (as defined below) shall be subject to a protective order, pursuant to Bankruptcy Rule 7026 and Federal Rule 26, to protect privilege and the confidentiality of sensitive information.

NOW, THEREFORE, to facilitate and expedite the production, exchange, and treatment of Discovery Material (as defined below), to facilitate the prompt resolution of disputes over confidentiality, and to protect Discovery Material (as defined below) that a Party seeks to maintain as confidential or highly confidential, the Parties stipulate and agree as follows:

### Scope of Order

1.      This Order applies to all information, documents, and things exchanged in or subject to discovery in the Chapter 11 Cases, including adversary proceedings, that is produced by a Party or a non-Party (each a "Producing Person"), to any Party (each a "Receiving Party"), formally or informally, either prior to or after the filing of a judicial proceeding, in response to or in connection with any Discovery Requests, including without limitation, deposition testimony (whether based upon oral examination or written questions), interrogatories, answers to interrogatories, requests for admission, responses to requests for admission, documents, information, expert reports, and things produced (including documents, information, and things produced to a Receiving Party for inspection, whether in the form of originals or copies), as well as any and all copies, abstracts, digests, notes, summaries, and excerpts thereof (collectively referred to as "Discovery Material").

2.      Any Party or its counsel serving a subpoena or discovery notice upon a non-Party, which subpoena or discovery notice requires the production of documents or testimony, shall serve a copy of this Order along with such subpoena or discovery notice and instruct the non-Party

recipient of such subpoena or discovery notice that he, she, or it may designate documents or testimony in a Dispute produced pursuant to such subpoena or discovery notice according to the provisions herein.   Any non-Party that executes and delivers a copy of Schedule A shall be treated as a Party to this Order with all rights and obligations of the signatory Parties hereto.

### Designating Discovery Material

3.      Any Producing Person may designate Discovery Material as "Confidential Material" or "Highly Confidential Material" (any such Discovery Material, "Designated Material") in accordance with the following provisions:

        a.      <u>Confidential Material</u>: A Producing Person may designate Discovery Material as "Confidential" if such Producing Person believes in good faith (or with respect to documents received from another person, has been reasonably advised by such other person) that such Discovery Material constitutes or includes information that: (i) constitutes or contains technical, business, financial, personal, or other information of a nature that can be protected under Rule 26(c) of the Federal Rules and Bankruptcy Rules 7026 or 9018; (ii) is subject by law, contract, or court order to a legally protected right of privacy; or (iii) the Producing Person is under a preexisting obligation to a third-party to treat as confidential.

        b.      <u>Highly Confidential Material</u>: A Producing Person may designate Discovery Material as "Highly Confidential" if such Producing Person believes in good faith (or with respect to documents received from another person, has been reasonably advised by such other person) that such Discovery Material constitutes or includes information that is of such a nature that its disclosure of which would result in competitive harm, which may include, without limitation, (i) trade secrets or sensitive financial or business information; or (ii) documents or information relating to or reflective of customer information.   Any documents or information that may have been previously designated by a Party as being for "Professional's Eyes Only" or "Attorney's Eyes Only" will be deemed to be Highly Confidential Material under this Order.

4.      <u>Manner of Designation</u>: A Producing Person shall designate Discovery Material as Confidential Materials or Highly Confidential Materials by marking each page of such Discovery Material, to the extent reasonably practicable, as "Confidential" or "Highly Confidential" as appropriate.   Where marking every page of such Discovery Material is not reasonably practicable,

such as with certain native file documents, a Producing Person may designate material as "Confidential" or "Highly Confidential" by informing the Receiving Party in writing in a clear and conspicuous manner at the time of production of such material that such material is designated "Highly Confidential" or "Confidential."   As further set forth in paragraph 15 of this Order, the failure to designate Discovery Material as "Confidential" or "Highly Confidential" does not constitute a waiver of such claim, and a Producing Person may so designate Discovery Material after such Discovery Material has been produced in accordance with the terms of this Order, with the effect that such Discovery Material is subject thereafter to the protections of this Order.

**Use and Disclosure of Confidential or Highly Confidential Material**

5.      Use and Disclosure of Confidential or Highly Confidential Material: General Limitations on Use and Disclosure: All Discovery Material shall be used by the Receiving Parties solely for the purposes of a Dispute, the Chapter 11 Cases, or any ancillary proceeding before this Court (including any adversary proceeding or contested matter in these Chapter 11 Cases, or any Party's consideration of any Dispute leading up to the commencement of any case or proceeding), and in any judicial proceedings relating to any Dispute, the Chapter 11 Cases, or any ancillary proceeding before this Court, and not for any other purpose, including any other litigation, business, competitive, governmental, commercial, personal or administrative purpose.

6.      Disclosing Highly Confidential Material: Highly Confidential Material, and any and all information contained therein, may be given, shown, made available to or communicated only to the following:

        a.      outside counsel, and staff working under the express direction of such counsel for, and outside advisors, financial advisors, accounting advisors, experts and consultants (and their respective staff) that are retained by:

           (i)      the Debtors; and

           (ii)     the Committee;

b.      outside counsel, and staff working under the express direction of such counsel for Parties who are or become signatories to this Order and are a Receiving Party of the Highly Confidential Material;

c.      outside advisors, financial advisors, accounting advisors, experts and consultants (and their respective staff) that are retained by a Receiving Party and who have signed a Declaration in the form provided as Schedule A hereto and delivered same to counsel to the Receiving Party;

d.      John J. Ray, III, as Chief Executive Officer and Chief Restructuring Officer of the Debtors;

e.      the U.S. Trustee;

f.      any person who is indicated on the face of a document to have been an author, addressee, or copy recipient, or otherwise a recipient thereof;

g.      for purposes of witness preparation, any deponent or witness who was noticed for a deposition, or is on a witness list for hearing or trial, in preparation for his or her noticed deposition, hearing, or trial testimony where such Highly Confidential Material is determined by counsel in good faith to be relevant to the anticipated subject matter of testimony and necessary for the preparation of such testimony, and where counsel determines in good faith that disclosure would not cause competitive harm, provided, however, that such Highly Confidential Material can only be shared with such person in connection with preparation for the anticipated testimony, and the persons identified in this paragraph shall not be permitted to retain copies of such Highly Confidential Material or use it for any other purpose;

h.      any adverse witness during the course of a deposition where counsel questioning the witness reasonably and in good faith believes that questioning the witness regarding the document is necessary and that doing so would not cause competitive harm;

i.      outside photocopying, graphic production services, or litigation support services, as necessary for use in connection with a Dispute or the Chapter 11 Cases;

j.      court reporters, stenographers, or videographers who record deposition or other testimony in connection with a Dispute or the Chapter 11 Cases;

k.      the Court, its officers, and clerical staff in any judicial proceeding that may result from a Dispute or the Chapter 11 Cases;

l.      any government agency (other than the U.S. Trustee), internal or external auditor or regulatory body or authority having authority to regulate or oversee any aspects of the Receiving Party's business or that of its affiliates, if required by any applicable statute, law, rule or regulation, subpoena, civil

investigative demand or similar demand, or request; provided that (i) the Receiving Party will provide the Producing Person with prior written notice of any such request or requirement (unless such notice is prohibited by applicable law) so that the Producing Person may seek a protective order or other appropriate remedy, and (ii) the Receiving Party advises such recipient of the highly confidential nature of the information being disclosed and requests highly confidential treatment thereof;

   m. any other person designated by order of the Court; and

   n. any other person or entity with respect to whom the Producing Person consents in writing.

7. <u>Confidential Material</u>: In addition to the persons identified in the above section 6, Confidential Material, and any and all information contained therein, may be given, shown, made available to, or communicated only to the following:

   a. any other current employee, officer, director, or other manager or member of the Debtors and/or any affiliate of the Debtors;

   b. the members of the Committee; and

   c. any current employee, officer, director, or other manager or member of a Receiving Party who is assisting with or making decisions with respect to any Dispute and who has signed a Declaration in the form provided as Schedule A hereto.

8. <u>Sealing of Designated Material Filed with or Submitted to Court</u>:  Unless the Producing Person gives written consent to the public filing of Designated Material or information contained in the Designated Material, the Receiving Party must follow the following procedures:

   a. Designated Material contained in pleadings, documents, or other papers (or attachments thereto) that a Party seeks to file with the Court ("<u>Filing Party</u>") shall be redacted and filed with the Court under a temporary seal, and the Filing Party shall follow all requirements set forth in Local Rule 9018-1 (d) regarding the filing, including but not limited to filing a motion seeking authority to file the Designated Material under seal.

   b. Each Filing Party shall use reasonable best efforts when filing with the Court pleadings, documents, or other papers (or attachments thereto) under temporary seal to redact only Designated Material from pleadings, documents, or other papers (or attachments thereto).

   c. Any Party filing with the Court pleadings, documents, or other papers (or attachments thereto) containing Designated Material under temporary

seal shall serve the Debtors, the Committee, the U.S. Trustee, and any other Party who requests, with un-redacted copies.

        d.      Until the Court decides the motion to seal, the pleading, document, or other paper (or attachment thereto) shall remain under seal.

9.      <u>Use of Discovery Material In Open Court</u>: The limitations on disclosure in this Order shall not apply to any Discovery Materials offered or otherwise used by any Party at trial or any hearing held in open court except as provided in this paragraph.  As part of any pretrial conference or any meet-and-confer regarding the use of exhibits in any evidentiary hearing, and at least forty-eight (48) hours prior to the use of any Designated Material at trial or any hearing to be held in open court or as soon as reasonably practicable, counsel for any Party who desires to offer or use such Designated Material at trial or any hearing to be held in open court shall meet and confer in good faith with the Producing Person, the Debtors, the Committee, and the U.S. Trustee, together with any other Parties who have expressed interest in participating in such meet-and-confer, to discuss whether the Producing Party will consent to the use of such Designated Material at trial or any hearing to be held in open court, or to otherwise discuss ways to handle the use of any Designated Material at the hearing, so that the material may be offered or otherwise used by any Party, in accordance with the provisions of the Bankruptcy Code and Bankruptcy Rules.  If the Parties are unable to resolve a dispute related to such Designated Material, then the Producing Person, or other person or entity asserting confidentiality, bears the burden of requesting relief from the Court and, in the absence of such relief, there shall be no limitations on the ability of the Parties to offer or otherwise use such Designated Material at trial or any hearing held in open court.

### **Depositions**

10.      <u>Deposition Testimony</u>: If counsel for a Party or non-Party believes that a portion of the testimony given at a deposition should be Designated Material of such Party or non-Party, such testimony may be designated as appropriate by:

a.      Stating so orally on the record and requesting that the relevant portion(s) of testimony is so designated; or

b.      Providing written notice within seven (7) days of the Party's or non-Party's receipt of the final transcript from the court reporter that the relevant portion(s) of such transcript or videotape of a deposition is so designated, except in the event that a hearing or briefing on related issues is scheduled to occur within seven (7) days, in which case the foregoing seven (7) day period will be reduced to two (2) days.   Such designation and notice shall be made in writing to the court reporter, with copies to all other counsel, identifying the portion(s) of the transcript that is so designated, and directing the court reporter to treat the transcript as provided in Paragraph 12 below.   Until expiration of the aforesaid seven (7) day or two (2) day period, as applicable, following receipt of the transcript by the Parties or non-Parties, all deposition transcripts and videotapes shall be considered and treated as Highly Confidential Material unless otherwise agreed on the record at the deposition.

Nothing in this paragraph shall affect the confidentiality designations of Discovery Material entered as exhibits at depositions.

11.      <u>Presence of Certain Persons During Designated Deposition Testimony</u>: When Designated Material is elicited during a deposition, persons not entitled to receive such information under the terms of this Order shall be excluded from the portion of the deposition so designated if requested by the person designating such Designated Material.

12.      <u>Responsibilities and Obligations of Court Reporters</u>:   In the event that a Party or non-Party seeks to designate deposition testimony as Confidential or Highly Confidential, the Party or non-Party seeking such designation shall instruct the court reporter to include on the cover page of each such transcript the legend: "This transcript portion contains information subject to a Protective Order and shall be used only in accordance therewith."   Each page of the transcript shall include the legend "Confidential" or "Highly Confidential," as appropriate.   If the deposition is videotaped, videotape shall also be subject to the same level of confidentiality as the transcript and include the legend "Confidential" or "Highly Confidential," as appropriate, if any portion of the transcript itself is so designated.   It is the responsibility of the Party or non-Party seeking to

designate portions of a deposition transcript as Confidential Material or Highly Confidential Material to ensure compliance.

## **General Provisions**

13.     This Order is a procedural device intended to protect Discovery Materials designated as Designated Materials.   Nothing in this Order shall affect any Party's or non-Party's rights or obligations unrelated to the confidentiality of Discovery Materials.

14.     Nothing contained herein shall be deemed a waiver or relinquishment by any Party or non-Party of any objection, including but not limited to, any objection concerning the confidentiality or proprietary nature of any documents, information, or data requested by a Party or non-Party, any right to object to any Discovery Request, or any right to object to the admissibility of evidence on any ground, or to seek any further protective order, or to seek relief from the Court or any other applicable court from any provision of this Order by application on notice on any grounds.

15.     <u>Late Designation of Discovery Material</u>: The failure to designate particular Discovery Material as "Confidential" or "Highly Confidential" at the time of production shall not operate to waive a Producing Person's right to later so designate such Discovery Material. Notwithstanding the foregoing, no Party shall be deemed to have violated this Order if, prior to notification of any later designation, such Discovery Material was disclosed or used in any manner consistent with its original designation but inconsistent with its later designation.   Once such later designation has been made, however, any Discovery Material shall be treated in accordance with that later designation; <u>provided</u>, <u>however</u>, that if the material that was not designated has been, at the time of the later designation, previously publicly filed with a court, no Party shall be bound by such later designation except to the extent determined by the Court upon motion of the Party or non-Party that failed to make the designation.

16.    <u>Unauthorized Disclosure of Designated Material</u>: In the event of a disclosure by a Receiving Party of Designated Material to persons or entities not authorized by this Order to receive such Designated Material, the Receiving Party making the unauthorized disclosure shall, upon learning of the disclosure, immediately notify the person or entity to whom the disclosure was made that the disclosure contains Designated Material subject to this Order; immediately make reasonable efforts to recover the disclosed Designated Material, as well as preclude further dissemination or use by the person or entity to whom the disclosure was made; and immediately notify the Producing Person of the identity of the person or entity to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to recover the disclosed Designated Material and ensure against further dissemination or use thereof.   Disclosure of Designated Material other than in accordance with the terms of this Order may subject the disclosing person to such sanctions and remedies as the Court may deem appropriate.

17.    <u>Manner of Objecting to Designated Material</u>: If any Receiving Party objects to the designation of any Designated Material (whether such designation is made on a permanent basis or temporary basis with respect to deposition testimony), the Receiving Party shall raise the objection with the Producing Person in writing, and meet and confer in good faith within five (5) business days to attempt to resolve any dispute respecting the terms or operation of this Order.   If unresolved, the Producing Person may seek a ruling from the Court within seven (7) days, on notice to the Receiving Party.   If the Producing Person does not seek relief from the Court within seven (7) days of the meet and confer, then the objectionable designation shall be removed.   If the Producing Person does seek relief from the Court, the Designated Material shall continue to be treated as designated until the Court rules on such issue.   Upon motion, the Court may order the

removal of the "Confidential" or "Highly Confidential" designation from any Discovery Material so designated subject to the provisions of this Order.

18.    <u>Timing of Objections to Designated Material</u>: A Receiving Party, or non-Party, shall not be obliged to challenge the propriety of a confidentiality designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.   The failure of any Party or non-Party to challenge the designation by a Producing Person of Discovery Materials as "Confidential" or "Highly Confidential" during the discovery period shall not be a waiver of the right of that Party or non-Party to object to the designation at an evidentiary hearing or trial.

19.    <u>Production of Protected Discovery Material</u>: The production of any privileged or otherwise protected or exempted information ("<u>Disclosed Protected Information</u>") shall not be deemed a waiver or impairment of any claim of privilege or protection, including, but not limited to, the attorney-client privilege, the protection afforded to work product materials, or the subject matter thereof, as to the produced information, or any other information.   The production of privileged or work-product protected documents, electronically stored information ("<u>ESI</u>"), or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.   This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).   Within ten (10) days after a Producing Person discovers (or within a reasonable period of time after receipt of notice from another Party) that it has produced any Disclosed Protected Information, the Producing Person may request the return of such Disclosed Protected Information by identifying in writing the Discovery Materials produced and the basis for withholding such Discovery Materials from production.   If a Producing Person requests the return of Disclosed Protected Information pursuant to this paragraph and the Receiving Party does not dispute the privilege claim, the

Receiving Party shall immediately return or destroy the Discovery Materials (and copies thereof) and shall sequester or destroy any work product that incorporates the Disclosed Protected Information.

20.     If the Receiving Party disputes the privilege claim, it must sequester the material until the issue can be resolved and may not review it for any reason.   The Receiving Party shall notify the Producing Person of the dispute and the basis therefore in writing, and thereafter meet and confer regarding the challenge to privilege.   If the Parties cannot resolve their dispute, either Party may seek a determination from the Court whether the privilege applies.   The Receiving Party may not assert as a ground for waiver the fact of inadvertent production, nor may the Receiving Party challenging the privilege assertion assert the diligence or lack thereof of counsel in producing the document, nor the scope of such inadvertent production as a ground for waiver of the privilege.   Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

21.     <u>Use of Non-Confidential Material</u>: Confidential Material and Highly Confidential Material does not include information that (i) is or becomes generally available to the public other than as a result of a disclosure by a Receiving Party in violation of this Order or another improper disclosure by any person; (ii) was available to the Receiving Party on a non-confidential basis prior to its disclosure by the Producing Person; (iii) becomes available to the Receiving Party on a non-confidential basis from a person or entity or other than the Producing Person who is not otherwise bound by a confidentiality agreement or court order prohibiting disclosure of such information; or (iv) has been independently developed by the Receiving Party.

22.   <u>Obligations Following Conclusion of the Disputes</u>: Within ninety (90) days of the later of the conclusion of the relevant Dispute(s) or the Debtors' emergence from bankruptcy in these Chapter 11 Cases, including any appeals, all Parties and non-Parties shall take all commercially reasonable steps to destroy or return to counsel for the respective Producing Person all Designated Material, and all copies or notes thereof in the possession of any person, except that counsel may retain for its records work product and a copy of court filings, deposition transcripts, deposition videotapes, deposition exhibits, expert reports, and exhibits introduced at any hearing; and a Receiving Party may retain Designated Material that is archived or otherwise "backed up" on electronic management and communications systems or servers, or as may be required for regulatory recordkeeping purposes; <u>provided</u> that such retained documents will continue to be treated as provided in this Order.   If a Receiving Party chooses to take all commercially reasonable steps to destroy, rather than return, documents in accordance with this paragraph, that Receiving Party shall verify such destruction in writing to counsel for the Producing Person by the end of the ninety-day period.   Notwithstanding anything in this paragraph, to the extent that the information in the Designated Material remains confidential, the terms of this Order shall remain binding.

23.   <u>U.S. Trustee</u>: The Parties agree that the U.S. Trustee shall be provided with access to all Discovery Material upon request and may conduct and participate in all discovery contemplated and governed by this Order.

24.   <u>Continuing Applicability</u>: The provisions of this Order shall survive the final termination of the Disputes and the Debtors' emergence from bankruptcy in these Chapter 11 Cases for any retained Designated Material.   The final termination of the Disputes and the Debtors' emergence from bankruptcy shall not relieve counsel or other persons obligated

-14-

hereunder from their responsibility to maintain the confidentiality of Designated Material pursuant to this Order, and the Court shall retain jurisdiction to enforce the terms of this Order.

25. <u>Amendment</u>: Upon good cause shown, and on notice to all Parties, any Party may move to amend the provisions of this Order at any time or the Parties may agree by written stipulation, subject to further order of the Court if applicable, to amend the provisions of the Order.

26. <u>Compelled Disclosure</u>: Any Receiving Party that may be subject to a motion, subpoena, or other form of legal process or any regulatory process or demand seeking the disclosure of a Producing Person's Designated Material (i) shall promptly notify (and in no event less than five (5) business days' before disclosure of a Producing Person's Designated Material) the Producing Person (unless such notice is prohibited by applicable law) to enable it to have an opportunity to appear and be heard on whether that information should be disclosed, and (ii) in the absence of a court order preventing such legally required disclosure, the Receiving Party shall be permitted to disclose only that portion of the information that is legally required to be disclosed and shall inform in writing any person to whom such information is so disclosed of the confidential nature of such information. If no action is taken by the Producing Person or any other Party to obtain a court order preventing such legally required disclosure within five (5) business days of receiving notice from the Receiving Party, or if such action is taken, but the Court does not issue an order preventing such legally required disclosure, then the Receiving Party may disclose the Producing Person's Designated Material as set forth in this paragraph.

27. <u>Use of Designated Material By Producing Person</u>: Nothing in this Order affects the right of any Producing Person to use or disclose its own Designated Material in any way. If a Producing Person uses its own Designated Material in a hearing, unredacted court filing, or any

other public forum, such disclosure waives all Confidential and Highly Confidential designations for that Designated Material in all respects.

28.     <u>Objections to Discovery Requests</u>: Nothing herein shall be deemed to prevent a Party or non-Party from objecting to any Discovery Requests or from seeking additional or further limitations on the use or disclosure of any Discovery Material.

29.     <u>Obligations of Parties</u>: Nothing herein shall relieve a party of its obligations under the Federal Rules, Bankruptcy Rules, Local Rules, or under any future stipulations and orders, regarding the production of documents or the making of timely responses to Discovery Requests in connection with any Dispute or the Chapter 11 Cases.

30.     <u>Enforcement</u>: The provisions of this Order constitute an Order of this Court and violations of the provisions of this Order are subject to enforcement and the imposition of legal sanctions in the same manner as any other Order of the Court.

*[Remainder of page intentionally left blank]*

**STIPULATED AND AGREED TO BY**.

Dated: March 8, 2023
Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Kimberly A. Brown*
Adam G. Landis (No. 3407)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware   19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
Email:    landis@lrclaw.com
          brown@lrclaw.com
          pierce@lrclaw.com

-and-

Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, New York   10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail:    dietdericha@sullcrom.com
           bromleyj@sullcrom.com
           gluecksteinb@sullcrom.com
           kranzleya@sullcrom.com

*Counsel to the Debtors and Debtors-in-Possession*

-and-

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

Sascha N. Rand (admitted *pro hac vice*)
Katherine A. Lemire (admitted *pro hac vice*)
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
E-mail:   sascharand@quinnemanuel.com
              katherinelemire@quinnemanuel.com

K. John Shaffer (admitted *pro hac vice*)
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
E-mail:   johnshaffer@quinnemanuel.com

William A. Burck (admitted *pro hac vice*)
1300 I Street NW, Suite 900
Washington, D.C. 20005
Telephone: (202) 538-8000
E-mail:   williamburck@quinnemanuel.com

*Special Counsel to the Debtors*

Dated: March 8, 2023
Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Robert F. Poppiti*
Matthew B. Lunn (No. 4119)
Robert F. Poppiti, Jr. (No. 5052)
1000 North King Street
Wilmington, DE 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Email:  mlunn@ycst.com
          rpoppiti@ycst.com

-and-

**PAUL HASTINGS LLP**
Kristopher M. Hansen*
 Luc A. Despins*
 Kenneth Pasquale*
 Erez E. Gilad*
 Gabriel E. Sasson*
 Isaac S. Sasson*
200 Park Avenue
New York, NY 10166
Telephone:   (212) 318-6000
Facsimile:   (212) 319-4090
Email: krishansen@paulhastings.com
              lucdespins@paulhastings.com
              kenpasquale@paulhastings.com
              erezgilad@paulhastings.com
              gabesasson@paulhastings.com
              isaacsasson@paulhastings.com

 *Admitted pro hac vice*

*Counsel to the Official Committee of Unsecured Creditors*

## Schedule A

Declaration of Acknowledgment and Agreement

## DECLARATION OF ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY THE CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER

I,_____, declare under penalty of perjury (this "Declaration") that:

1.    My business or personal address is: _____.

2.    My present employer is: _____.

3.    My present occupation or job description is: _____

_____.

4.    I hereby certify and agree that I have read and understand the terms of the Confidentiality Agreement and Stipulated Protective Order (the "Order") relating to the Disputes between Debtors and certain of the Debtors' creditors and other constituents, as specified in the signature pages of the Order.   All capitalized terms not otherwise defined in this Declaration have the meanings ascribed to such terms in the Order.   I further certify that I will not use Designated Material for any purpose other than as expressly permitted by the Order, and will not disclose or cause Designated Material to be disclosed to anyone not expressly permitted by the Order to receive Designated Material.   I agree to be bound by the terms and conditions of the Order.

5.    I understand that I am to retain in confidence from all individuals not expressly permitted to receive Designated Material, whether at home or at work, all copies of any Designated Materials, and that I certify and agree that I will carefully maintain such materials in a manner consistent with the Order. I acknowledge that the return or destruction of Designated Material shall not relieve me from any other continuing obligations imposed upon me by the Order.

6.    I acknowledge and agree that I am aware that by receiving Designated Material I may be receiving material non-public information about companies that issue securities and there

exist laws, including federal securities laws, that may restrict or prohibit the sale or purchase of securities of such companies as a result of the receipt of such information.

7.     I stipulate to the jurisdiction of this Court solely with respect to the provisions of the Order.

Date: _____

_____
        Signature