IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,<br><br>   Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered) |
| FTX RECOVERY TRUST,<br><br>                       Plaintiff,<br><br>     -against-<br><br>RYAN SALAME,<br><br>                      Defendant. | Adv. Pro. No. 24-50186 (JTD)<br><br>**Ref. Nos. 25, 80 & 98** |

**ORDER GRANTING MICHELLE BOND'S APPLICATION TO INTERVENE IN
ADVERSARY PROCEEDING FOR LIMITED PURPOSES**

This matter coming before the Court upon the *Application of Michelle Bond to Intervene in Adversary Proceeding for Limited Purposes* [Adv. D.I. 80] (the "Application")[1] filed by Michelle Bond ("Ms. Bond"); and upon consideration of the Application, the Opening Brief filed in support of the Application [Adv. D.I. 81], the Declarations filed in support of the Application [Adv. D.I. 82 and 83], the Response in opposition to the Application filed by FTX Recovery Trust ("Plaintiff") [Adv. D.I. 98] ("Response"), and the Reply Brief filed in further support of the Application [Adv. D.I. 106], and after holding a hearing to consider the Application and Response; and this Court having found that it has jurisdiction to consider the Application and the relief requested therein under 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference

---

[1]     Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the Application.

from the United States District Court for the District of Delaware, dated February 29, 2012, and that venue of the Adversary Proceeding in this district is proper under 28 U.S.C. § 1409, and that no further or other notice of the Application is required under the circumstances; and this Court having reviewed the Application; and having determined that the legal and factual bases set forth therein establish just cause for the relief granted in this Order; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Application is GRANTED as set forth in this Order.

2. Ms. Bond shall be permitted to intervene in this Adversary Proceeding for the limited purposes of:

   A. filing, on or before March 26, 2025, a response to Plaintiff's *Motion for a Preliminary Injunction and Expedited Discovery* (Adv. D.I. 2) filed by the Debtors (the "PI Motion") to protect her rights should the defendant, Ryan Salame ("Defendant"), be unable to do so; and

   B. moving for relief from the Temporary Restraining Order entered on December 17, 2024 (Adv. D.I. 26) (the "TRO") should such a need arise.

3. The hearing on the PI Motion is hereby adjourned to a date to be determined.

4. Ms. Bond shall produce, by March 7, 2025, documents responsive to Plaintiff's subpoena issued to Ms. Bond dated December 16, 2024, except as to those requests to which Ms. Bond maintains an objection. Plaintiff's rights are fully reserved with respect to any such objections. To the extent Ms. Bond must acquire documents from banks or third parties, she will promptly request such documents and will promptly produce such documents to Plaintiff on a rolling basis as they are received.

5. Plaintiff shall provide to Ms. Bond any documents it has received, or in the future receives, in response to third-party subpoenas relating to bank or crypto accounts or credit cards jointly held by Defendant and Ms. Bond or held solely by Ms. Bond, and will not require Ms. Bond to request from third parties documents that Plaintiff has already received from third parties pursuant to subpoenas.

6. Ms. Bond shall, on or before March 7, 2025, provide the Court and Plaintiff with a proposed budget for her living expenses and the extent to which she is drawing down on funds that were Defendant's funds that were transferred into her account(s).

7. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

**Dated: March 5th, 2025**
**Wilmington, Delaware**

JOHN T. DORSEY
UNITED STATES BANKRUPTCY JUDGE